IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

POLYMATHIC PROPERTIES, INC.,

    Plaintiff,                                  No. CIV S-11-2513 KJM EFB PS

    vs.

DWAYNE M. MACK,

    Defendant.                                  FINDINGS AND RECOMMENDATIONS

                                    /

On September 23, 2011, defendant, proceeding pro se, filed a notice of removal of this unlawful detainer action from the Superior Court of the State of California for Solano County, along with a request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] Dckt. Nos. 1, 2. This case is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

This court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190,

---

[1] In light of the recommendation herein that this action be remanded for lack of subject matter jurisdiction, defendant's request to proceed *in forma pauperis* will not be addressed.

1

1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As explained below, defendant has failed to meet their burden.

Defendant's notice of removal is predicated upon the court's federal question jurisdiction. Dckt. No. 1 at 2 (citing 28 U.S.C. § 1331). However, a review of the complaint reveals that plaintiff does not allege any federal claims; instead, plaintiff alleges only unlawful detainer under state law. *Id.* at 8-10 (Compl.). Therefore, because defendant has not adequately established that plaintiff's complaint alleges a federal claim,[2] the court lacks subject matter jurisdiction and must remand the case. *See* 28 U.S.C. § 1447(c).

Accordingly, IT IS RECOMMENDED that the above-captioned case be REMANDED to the Superior Court of the State of California in and for the County of Solano.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: September 27, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Nor has defendant established that this court has diversity jurisdiction.

2